# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:25-cr-58 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Amanda M. Knapp |
| MATTHEW MICHAEL GERLACH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

The United States and Defendant Matthew Michael Gerlach seek leave to file their sentencing memoranda under seal. (ECF No. 23; ECF No. 24.) For the following reasons, the Court **GRANTS** both motions and **ORDERS** both parties to file their sentencing memoranda and further submissions relating to the same under seal pursuant to Local Rule 49.4 and this Order.

## LEGAL STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d

1165, 1176 (6th Cir. 1983)). Although *Shane Group* was a civil case involving a class action settlement, its reasoning also applies in the criminal context. *See, e.g.*, *United States v. Scott,* No. No. 1:22-cr-109, 2024 WL 1297552, at *1 (N.D. Ohio Mar. 26, 2024); *United States v. Campbell*, No. 1:19-cr-25, 2021 WL 1975319, at *3 (S.D. Ohio May 18, 2021) (collecting cases).

The Court bears an independent obligation to explain the basis for sealing court records, and that obligation exists regardless of any agreement or disagreement among the parties about sealing the records. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). Taking up this independent obligation, district courts must weigh, on the one hand, the interest of the parties to keep information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted).

"The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 701 F.2d at 1179). In the criminal context, the presumption of openness provides "notice of the type of conduct that could lead to criminal liability" and "serves to control for corruption and incompetence." *Campbell*, 2021 WL 1975319, at *3. Overcoming this presumption is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify sealing. *See id.*

2

To demonstrate a seal is necessary, the party seeking confidentiality must provide a "compelling reason why certain documents or portions thereof should be sealed." *Id.* at 305 (citation and quotation omitted). Further, the "seal itself must be narrowly tailored to serve that reason." *Id.* at 305. Accordingly, the movant must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. *Id.* at 305–06 (citation and quotation omitted). It is then incumbent on the Court to review each document and the legal rationales the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). In civil litigation, the most common categories of information that overcome this presumption include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308. But these principles apply to criminal cases as well. *See, e.g.*, *United States v. Campbell*, No. 1:19-CR-25, 2021 WL 1975319, at *3 (S.D. Ohio May 18, 2021) (collecting cases).

## DISCUSSION

The United States seeks to file its sentencing memorandum under seal because it contains sensitive medical and mental health information about the Defendant. (ECF No. 23.) Similarly, Defendant seeks to file his sentencing memorandum under seal because it contains personal and confidential information, including medical and mental health information about himself. (ECF No. 24.) Mr. Gerlach has a right to

3

privacy in his personal matters. *See United States v. Hoyt*, No. 1:15-cr-1, 2016 WL 776595, at *2 (S.D. Ohio Feb. 29, 2016) ("An individual has a constitutional right to privacy, which protects 'the individual interest in avoiding disclosure of personal matters.'") (quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). The interest of ensuring nonparties' access to information about Mr. Gerlach's personal information is significantly less than in *Shane Group*, which involved the sealing of information necessary for unnamed class members to evaluate a class action settlement that bound them. *Shane Grp.*, 825 F.3d at 302.

Given the nature of Mr. Gerlach's interest, the merits of redacting and sealing the sentencing memoranda outweigh the public's interest, if any, in making public Mr. Gerlach's sensitive personal information. *See Hoyt*, 2016 WL 776595, at *2 (noting that "an individual has a right to privacy in his medical information") (citing *Doe v. Delie*, 257 F.3d 309, 315 (3rd Cir. 2001)).

## CONCLUSION

For these reasons, the Court **GRANTS** the United States' and Defendant's motions to file under seal and **ORDERS** all filings relating to this issue to be filed under seal pursuant to Local Rule 49.4 and this Order. In so ordering, the Court finds that the seal is tailored to protect Mr. Gerlach's privacy interests.

**SO ORDERED.**

5

Dated:  January 13, 2026

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio